**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| JAMES DOUGLAS LEWIS, JR., | * |
| Petitioner, | * |
| vs. | *   CIVIL ACTION NO.: 17-00357-KD-B |
| KENNETH PETERS, | * |
| Respondent. | * |

**REPORT AND RECOMMENDATION**

Petitioner James Douglas Lewis, Jr. filed a petition seeking relief under 28 U.S.C. § 2241 and a Motion for Waiver of Filing Fee. (Docs. 1, 4). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR (72(a)(2)(R) for appropriate action. Because Lewis has failed to prosecute and to comply with the Court's Orders dated September 12, 2017 (doc. 5), and November 29, 2017 (doc. 6), it is recommended that this action be dismissed without prejudice.

Petitioner's Motion for Waiver of Filing Fee (doc. 4) reflects that in the six months preceding the filing of Lewis' petition and motion in August 2017, he had deposits to his prisoner account totaling $230.00 (February 2017: $0; March 2017: $50; April 2017: $80 ; May 2017: $100; June 2017 :$0; July 2017: $0). See 28 U.S.C. § 1915. This resulted in a six-month average deposit of $38.33. In light of such, Lewis' request for waiver of the filing fee was denied, and he was directed to pay the $5.00 filing fee by October 31, 2017. (Doc. 5).

Lewis did not pay the filing fee as directed, and was afforded another sixty days to pay the filing fee when the deadline for payment of the filing fee was extended to January 5, 2018. (Doc. 6). As of the date of the instant Order, Lewis has not paid the filing fee nor has he otherwise responded to the Court's orders directing him to pay the filing fee.

Due to Lewis' failure to comply with the Court's Orders dated September 12, 2017 (doc. 5), and November 29, 2017 (doc. 6), and upon consideration of the alternatives available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, Ballard v. Volunteers of America, 493 U.S. 1084, 110 S.Ct. 1145, 107 L.Ed.2d 1049 (1990); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1983); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983); accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (ruling that federal courts' inherent power to manage their own

proceedings authorized the imposition of attorney's fees and related expenses as a sanction; Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir. 1993)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S. Ct. 181, 126 L. Ed. 2d 140 (1993).

To the extent Lewis disputes the Court's finding of failure to pay the filing fee and desires to proceed with the litigation of his action, he shall set forth in an objection to the report and recommendation the reasons for his failure to pay.  Wilson, 414 F.3d at 1320 (citing to Hatchet v. Nettles, 201 F.3d 651, 654 (5th Cir. 2000) (finding that an objection to a recommendation is an acceptable means to ascertain the steps taken by a prisoner to comply with the order to pay a partial filing fee)).

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); **Fed.R.Civ.P.**

72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **8th** day of **January, 2018.**

/S/SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**